# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

K.C. COULTER,

                Petitioner,

vs.

UNITED STATES,

                Respondent.

Case No. 2:08-cv-01347-RLH-PAL

**REPORT OF FINDINGS AND RECOMMENDATION**

On October 7, 2008, Petitioner K.C. Coulter submitted a Petition for a Writ of Mandamus and Prohibition. This was referred to the court by Local Rule IB 1-9. Coulter did not pay the required filing fee of $350.00 or file an application to proceed *in forma pauperis* in compliance with 28 U.S.C. § 1915(a)(1) and (2) and Local Rules LSR 1-1 and 1-2. Thus, Coulter's petition must be dismissed for failure to pay the requisite $350.00 filing fee or complete an application to proceed *in forma pauperis*.

Coulter's petition also fails to state any cognizable claim upon which relief can be granted. It appears that he seeks to have a criminal conviction overturned in a case still pending in state court. Coulter states that a conspiracy exists involving several state court judges, his attorneys, various members of the Nevada Attorney General's Office, various employees of the Las Vegas Metropolitan Police Department, and certain witnesses in Coulter's criminal case to deprive Coulter of his constitutional rights. Thus, Coulter seeks a writ of mandamus directing the Nevada Supreme Court to dismiss all charges against him with prejudice. It is well-settled that federal district courts do not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. See, e.g., Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003). Thus, even if Coulter had filed the correct application and complaint forms or paid the filing fee, this court lacks jurisdiction to grant the relief sought.

     Moreover, Coulter has attempted to assert claims against various state court judges. These allegations fail to state a claim upon which relief can be granted. All of the claims against the state court judges involve actions taken by them in their judicial capacity. As a result, they are absolutely immune from suit. The United States Supreme Court has repeatedly held that judges and those performing quasi-judicial functions are absolutely immune from damages for acts performed within their judicial capacities. <u>Stump v. Sparkman</u>, 435 U.S. 349, 360 (1978); <u>Nixon v. Fitzgerald</u>, 457 U.S. 731, 766 (1982). Judges are absolutely immune from a civil suit for damages under § 1983. See <u>Imber v. Pachtman</u>, 424 U.S. 409, 435 (1976). Coulter fails to state a claim upon which relief can be granted against the state court judges.

     Due to the multiple defects presented, the court will recommend dismissal of this case without prejudice to the filing of a new action on a proper complaint or petition form accompanied by a properly completed *in forma pauperis* application or payment of the filing fee.

     **IT IS RECOMMENDED** that:

1.   This action be DISMISSED without prejudice to the filing of a new action with a complaint or petition on the required form that is accompanied by either the required filing fee or a properly completed application to proceed *in forma pauperis.*

2.   The clerk of court enter final judgment accordingly.

Dated this 20th day of October, 2008.

                                                              PEGGY A. LEEN
                                                              UNITED STATES MAGISTRATE JUDGE

**NOTICE**

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within ten (10) days of the date of service of the

1 findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's
2 Findings and Recommendations."  The parties are advised that failure to file objections within the
3 specified time may waive the right to appeal the District Court's Order.  <u>Martinez v. Ylst</u>, 951 F.2d
4 1153 (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are
5 subject to the page limitations found in LR 7-4.
6 / / /
7 / / /
8 / / /
9 / / /
10 / / /
11 / / /
12 / / /
13 / / /
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /